```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**DETRIC A. KELLY,**

           **Plaintiff,**

      **v.**                                  **CASE NO. 12-3067-SAC**

**JUDGE ADVOCATE GENERAL**
**OF THE NAVY, et al.,**

           **Defendants.**

### O R D E R

This civil action was filed pro se by an inmate of the United States Disciplinary Barracks, Fort Leavenworth, Kansas. Plaintiff names several defendants, none of whom appears to be a federal agency. He seeks an order requiring defendants to provide "a detail justification for allegations contained in the Defendant's Answer" that "the requested documents are exempt from disclosure under the Freedom of Information Act, 5 U.S.C. § 552." He also seeks an itemization and index of the documents claimed to be exempt. He entitles his initial pleading "Motion under Vaughn v. Rosen to Require Detail Indexing, Justification and Itemization," citing <u>Vaughn v. Rosen</u>, 484 F.2d 820 (D.C. Cir. 1973), <u>cert</u>. <u>denied</u>, 415 U.S. 977 (1974).

**FILING FEE**

The statutory fee for filing a civil action in federal court is $350.00. Plaintiff has filed a Notice that has been liberally construed as him Motion to Proceed Without Prepayment of Fees (Doc. 2). He has also submitted an affidavit in support (Doc. 3) and

financial information in support (Doc. 4).  Under 28 U.S.C. § 1915(b)(1), a plaintiff granted such leave remains obligated to pay the full fee of $350.00 for filing a civil action.  He is merely entitled to proceed without prepayment of the full fee, and instead is required to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).  Furthermore, § 1915(b)(1), requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.  Having examined the records of plaintiff's account, the court finds that the average monthly deposit to plaintiff's account for the relevant time period was $112.50, and the average monthly balance was $70.66.  The court therefore assesses an initial partial filing fee of $22.50, twenty percent of the average monthly deposit, rounded to the lower half dollar.  Plaintiff must pay this initial partial filing fee before this action may proceed further, and will be given time to submit the fee to the court.  His failure to submit the initial fee in the time allotted may result in dismissal of this action without further notice.

**SCREENING**

Because Mr. Kelly is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b); 28 U.S.C. §

2

1915(e)(2)(B).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997). The court accepts all well-pleaded allegations in the complaint as true. Anderson v. Blake, 469 F.3d 910, 913 (10th Cir. 2006). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. Bell Atlantic Corp. V. Twombly, 550 U.S. 554, 558 (2007). The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 555. Having screened all materials filed, the court finds that the complaint is subject to being dismissed for the following reason.

**DISCUSSION**

Plaintiff names as defendants "Judge Advocate General of the Navy;" Robert E. Treuting, Doctor, Jefferson Parish Forensic Center; Pat Brown, Director, McCrone Associates, Inc.; Louis D. Hunt, Jr., Doctor, North Carolina State University; FNU LNU (1), Chief of Police, Raleigh Police Department; and FNU LNU (2), President, University of Missouri-Columbia.

The Freedom of Information Act (FOIA), 5 U.S.C. § 552, generally provides that the public has a right of access, enforceable in court, to federal agency records, subject to nine specific exemptions. Anderson v. Dep't of Health and Human Servs., 907 F.2d 936, 941 (10th Cir. 1990); Stewart v. U.S. Dept. Of Interior, 554 F.3d 1236, 1239 (10th Cir. 2009); 5 U.S.C. 552(b). A "Vaughn index" is often used for reviewing the agency's decision on a request for information. Anderson, 907 F.2d at 942. "A Vaughn index is a compilation prepared by the agency . . . listing each of the withheld documents and explaining the asserted reason for its nondisclosure." Id. at 940, n.3 (citing see Vaughn, 484 F.2d at 820).

Plaintiff purports to seek information from the named defendants under the FOIA. However, FOIA governs requests made for records of a federal agency. See Trentadue v. F.B.I., 572 F.3d 794, 796 (10th Cir. 2009). 5 U.S.C. § 551(1) clearly defines agency to which the Act applies as "each authority of the Government of the United States." Thus, a complaint under FOIA is not the appropriate means by which to seek judicial review of a denial of records requested from sources that are not federal agencies. Records maintained by a state agency or individuals employed at state or local entities are not "federal government information," and FOIA does not apply to such records. States generally have their own public information acts. For example, Kansas has the Kansas Open Records Act (KORA), K.S.A. § 45-215 through 45-223, which governs public disclosure of records held by state agencies in Kansas. Any claim of a violation of the KORA would be a state law claim. This court has no jurisdiction over claims that state law has been

4

violated.  State law claims must be filed in the appropriate state court.

The only named defendant in this case that might be associated with a federal agency is the "Judge Advocate General of the Navy." However, under the FOIA, a person seeking information from a federal agency must first submit a request to the appropriate agency, and that request must have been denied.[1]  Furthermore, the person must have administratively appealed the agency's denial.[2]  Only after these steps have been properly completed, is it time for a plaintiff to file suit in federal court under the FOIA to enjoin the defendant/agency from withholding agency records or to order production of the requested records.  Plaintiff does not allege that he submitted a FOIA request for information to a federal agency. Nor does he describe what documents or information he requested in a FOIA request, or provide the agency's response to his FOIA request.

In addition, plaintiff alleges no facts which establish that this court has personal jurisdiction over any of the six defendants,

---

[1] Federal jurisdiction under the FOIA "is dependent on showing that an agency has (1) 'improperly' (2) 'withheld' (3) 'agency records'." United States Department of Justice v. Tax Analysts, 492 U.S. 136, 142 (1989)(quoting Kissinger v. Reporters Committee for Freedom of the Press, 445 U.S. 136, 150 (1980)). Unless each of these criteria is met, a district court lacks jurisdiction to force an agency to comply with FOIA's disclosure requirements.  See 5 U.S.C. § 552; In re Lucabaugh, 262 B.R. 900 (E.D.Pa. 2000).  If plaintiff has not properly completed these steps, he cannot establish that any records have been improperly withheld under FOIA.  His case would be legally frivolous, and dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

[2] 5 U.S.C. § 552(a)(6)(A)(i) and (ii) require a party to exhaust all administrative remedies within the federal agency before seeking redress in federal court.  The record does not indicate that Mr. Kelly filed an administrative appeal from any denial or partial denial of his FOIA request. "A court lacks subject matter jurisdiction and must dismiss a FOIA claim if the plaintiff has failed to exhaust administrative remedies." Barvick v. Cisneros, 941 F.Supp. 1015, 1018 FN3 (D.Kan. 1996)(citing see Trenerry v. I.R.S., 78 F.3d 598, 1996 WL 88459, *1 (10th Cir. 1996); Lanter v. Department of Justice, 19 F.3d 33, 1994 WL 75876, *1 (10th Cir. 1994); Voinche v. F.B.I., 999 F.2d 962, 963 (5th Cir. 1993)).

all of whom appear to be residents of states other than Kansas.

Plaintiff is given time to show cause why this action should not be dismissed for failure to state a claim in federal court under the cited statutory authority and for lack of jurisdiction.  If he fails to show good cause within the time allotted, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that plaintiff is granted twenty (20) days in which to submit to the court an initial partial filing fee of $ 22.50.  Any objection to this order must be filed on or before the date payment is due.  The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same twenty-day period, plaintiff is required to show cause why this action should not be dismissed for failure to state a claim for relief in federal court under FOIA.

**IT IS SO ORDERED.**

Dated this 4th day of June, 2012, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge