```
                 IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS
```

**DETRIC A. KELLY,**

      **Plaintiff,**

   v.          CASE NO. 12-3067-SAC

**JUDGE ADVOCATE GENERAL
OF THE NAVY, et al.,**

      **Defendants.**

## O R D E R

On June 4, 2012, the court screened the complaint filed herein and issued an order requiring plaintiff to pay an initial partial filing fee and to show cause why this action should not be dismissed for reasons stated in the screening order. As noted in that order, plaintiff sought an order requiring defendants to provide "a detail justification" for allegations that "requested documents are exempt from disclosure under the Freedom of Information Act, 5 U.S.C. § 552" as well as an itemization and index of the documents claimed to be exempt. Plaintiff paid the initial partial filing fee as ordered and has filed a Response with several exhibits attached. Having considered all the material filed, the court finds that this

action must be dismissed for lack of jurisdiction.

"The Freedom of Information Act (FOIA) vests jurisdiction in federal district courts to enjoin an agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Kissinger v. Reports Committee for Freedom of the Press*, 445 U.S. 136, 139 (1980). "[T]he only proper defendant in a FOIA action is a federal agency." *Abuhouran v. Nicklin*, 764 F.Supp.2d 130, 133 (D.D.C. 2011)(quoting *Isasi v.* Jones, 594 F.Supp.2d 1,4 (D.D.C. 2009), *aff'd* 2010 WL 2574034 (C.A.D.C. 2010)); *Scherer v. U.S.*, 241 F.Supp.2d 1270, 1278 (D.Kan.), *aff'd* 78 Fed.Appx. 687 (10th Cir. 2003). In the screening order, the court found that the only named defendant in this case even associated with a federal agency was the "Judge Advocate General of the Navy," and that plaintiff alleged no facts establishing that this court has personal jurisdiction over this defendant or any of the other 5 named defendants, all of whom appeared to be residents of states other than Kansas. Mr. Kelly has not amended his complaint to name a federal agency as defendant. The court dismisses this action against all defendants that are not a federal agency pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim.

In addition, the court notes that plaintiff's own exhibits of responses to his requests for records provide that the agency does not have control over at least some of the records he

2

seeks.

Most importantly, in his Response, Mr. Kelly alleges no additional facts and makes no legal argument establishing that this court has jurisdiction over his FOIA request. 5 U.S.C. § 552(B) provides in pertinent part:

> On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

Plaintiff does not allege that he is a Kansas resident. He is not a resident of Kansas simply by virtue of his confinement in this state. Nor does he allege any facts indicating that the agency records he seeks are situated in Kansas. To the contrary, he provides exhibits that he has sought these records from officials located in states other than Kansas. The court concludes that plaintiff has failed to show that this court has jurisdiction over his FOIA request. Accordingly, this action is dismissed, without prejudice, for lack of jurisdiction.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's Motion for Leave to Proceed without Prepayment of Fees (Doc. 2) is granted, and that plaintiff is hereby assessed the remainder of the filing fee of $350.00, to be paid in installments automatically deducted from his inmate account pursuant to 28

U.S.C. § 1915(b)(2).  The Finance Office at the Facility where plaintiff is currently incarcerated is directed to collect monthly payments from plaintiff's account and pay them to the clerk of the court in the amount of twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until plaintiff's outstanding filing fee obligation has been paid in full.  Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

**IT IS FURTHER ORDERED** that this action is dismissed, without prejudice, for lack of jurisdiction.

The clerk is directed to send a copy of this order to the finance office at the institution in which plaintiff is currently confined and to the court finance office.

**IT IS SO ORDERED.**

Dated this 18th day of December, 2012, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

4